IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Scot Kelsh | )<br>)<br>) |
| Plaintiff, | ) Case No._____<br>) |
| v. | )<br>) |
| City of Fargo | ) **COMPLAINT**<br>) **AND**<br>) **DEMAND FOR JURY TRIAL**<br>) |
| Defendant. | )<br>)<br>) |

COMES NOW the Plaintiff, Scot Kelsh,, and for his Complaint against the Defendant states as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff Scot Kelsh is a resident of Fargo, North Dakota.

2. Defendant City of Fargo, pursuant to its Home Rule Charter, is a municipal body politic and corporate in perpetuity, under the name of "City of Fargo."

3. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794. The jurisdiction of this court is founded on 28 U.S.C. §1331.

4. Venue is proper in the U.S. District Court for the District of North Dakota pursuant to 28 U.S.C. § 1391(b).

## II.   STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5. Kelsh began employment as a firefighter with the City of Fargo Fire Department on August 24, 2009.

6. In September 2015, Kelsh was diagnosed with a work-related disability -- post-traumatic stress disorder (PTSD) -- which prevented him from performing the essential functions of his position as a firefighter.

7. Kelsh was placed under temporary medical restrictions which were accommodated by Defendant, which assigned him to administrative duties.

8. On December 4, 2015, Defendant received a Interactive Process Questionnaire completed by Kelsh's physician. As to the expected duration of Kelsh's disability, the physician stated "No way to know, work impairment is long term. Treatment for sleep is ongoing w/medical stuff with limited success…I believe this is an ongoing issue…"

9. On December 10, 2015, based on the Interactive Process Questionnaire, the City of Fargo was no longer temporary but permanent in nature.

10. Defendant then informed Kelsh that he had six weeks to find other employment with the City of Fargo. Kelsh filed applications for at least eight City positions, but he was was rejected for all those positions.

11. Defendant terminated Kelsh's employment on February 2, 2016.

12. Kelsh appealed his termination to the Fargo Civil Service Commission, which upheld the termination. Kelsh then appealed to the Fargo City Commission, which also upheld the termination.

13. In the course of the public hearing before the Fargo Civil Service Commission on

March 1, 2016, which was attended by various press and media outlets, one of the commissioners asked Kelsh questions about his disability and specifically referred to that disability as "post-traumatic stress disorder." As a result, an article published on the front page of the *Fargo Forum* on March 2, 2016, identified Kelsh as suffering from post-traumatic stress disorder.

14. As a result of the nature of Kelsh's disability being made public, Kelsh has been unable to secure employment of a permanent nature since March 2016. In addition, Kelsh has suffered emotional distress and mental anguish, and damage to his reputation, as a result of the Defendant's unlawful disclosure of his disability.

15. John Speral was employed as a firefighter by Defendant City of Fargo Fire Department at the same time as Kelsh. Due to a physical disability, Speral was accommodated with light duty assignments for a period of 18-24 months. By contrast, Kelsh, who had a mental disability, was accommodated with light duty assignments for less than six months.

16. Kelsh's total compensation including salary and benefits at the time of his discharge On February 2, 2016, was approximately $70,000 per year.

17. On June 22, 2016, Kelsh filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Minneapolis Area Office. The charge was transferred to the North Dakota Department of Labor and Human Rights for investigation.

18. The Labor Department issued its determination on June 18, 2018. Following a review by the EEOC, the EEOC issued a "Dismissal and Notice of Rights" letter dated September 24, 2018. This action is timely filed within 90 days of Kelsh's receipt of that letter.

## COUNT ONE

### DISCRIMINATION UNDER THE ADA AND VIOLATION OF THE ADA'S CONFIDENTIALITY PROVISIONS

19. Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1-18.

20. At the time he was terminated, Kelsh was a protected person under the ADA. He was qualified to perform the administrative duties to which he had been assigned and he had a qualifying disability.

21. Kelsh sustained two types of adverse employment action in violation of the ADA. First, he was treated less favorably than a similarly situated employee with a different type of disability. Secondly, his confidential medical information was disclosed to the public, in violation of 42 U.S.C. § 12112(d).

22. The actions of the City of Fargo were in violation of the ADA and as a direct and proximate result of those actions, Kelsh has suffered a loss of past and future salary and benefits in the approximate amount of $700,000, and has also suffered mental anguish and emotional distress.

23. The actions of the City of Fargo herein described were taken with malice and recklessness, entitling Kelsh to an award of punitive damages pursuant to 42 U.S.C. § 1981a.

24. Kelsh is also is entitled to an award of his reasonable attorney fees in this matter pursuant to 42 U.S.C. § 12205.

## COUNT TWO
### DISPARATE TREATMENT UNDER THE REHABILITATION ACT

25. Plaintiff re-alleges and incorporates herein the allegations set forth in Paragraphs 1-24.

26. At all times material hereto, Defendant City of Fargo was a "program or activity" receiving Federal financial assistance, as that term is defined in the Rehabilitation Act at 29 U.S.C. § 794(a).

27. The actions of the City of Fargo set forth herein constituted a violation of the

Rehabilitation Act because Kelsh was a member of a protected class, he was qualified to perform the administrative duties assigned to him, he was subjected to an adverse employment in not being accommodated for a longer period of time, and he was treated less favorably than a similarly situated employee with a different type of disability.

28. As a direct and proximate result of Defendant's violation of the Rehabilitation Act, Kelsh has suffered a loss of past salary and benefits in the approximate amount of $100,000, and has also suffered mental anguish and emotional distress.

29. Kelsh is entitled to an award of his reasonable attorney fees in this matter pursuant to 29 U.S.C. § 704a.

**WHEREFORE**, Plaintiff Scott Kelsh prays for judgment against Defendant City of Fargo as follows:

1. For lost salary and benefits in the amount of $800,000 or such other amount as is proved at trial;
2. For compensatory damages for emotional distress and mental anguish in the amount of $500,000;
3. For punitive damages in the amount of $500,000;
4. For an award of his reasonable attorney fees incurred in this action;
5. For an award of his costs and disbursements herein;
6. For such other and further relief as the Court may deem just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Scot Kelsh hereby demands a trial by jury of the maximum number of jurors permitted by law.

Dated this 21ST day of December, 2018.

_____
Scot Kelsh (*pro se*)
20 S. 7th St., Apt. 304
Fargo, N.D. 58103
(701) 793-9993
scotkelsh@gmail.com